D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x,

GERARDO LOPEZ,

               Plaintiff,

    v.

AKSHAR 108 INC. d/b/a MINIMART, and
NEIL PATEL,

               Defendants.
-----------------------------------------------------------x

COMPLAINT

CASE NO.:

Plaintiff Gerardo Lopez alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3.      All Defendants are hereinafter collectively referred to as "Defendants."

1

4.      Upon information and belief, Defendant Akshar 108 Inc. is a New York corporation that operates Minimart, a grocery store located at 6415 108th Street, Forest Hills, New York, 11375.

5.      Defendant Neil Patel is the owner and operator of Minimart, and exercises sufficient control of its day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

6.      Defendant Patel has the power to hire and fire Minimart employees and control their conditions of employment.

7.      To the extent that employment records are kept for employees, Defendant Patel is involved in maintaining those records.

8.      Plaintiff Gerardo Lopez was employed by Defendants from approximately 1989 to September 2015.

## FACTS

9.      Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

10.     Defendants knew that nonpayment of the overtime premium would economically injure Plaintiff and violated federal and state laws.

11.     Plaintiff's shifts were typically scheduled from 12:00 A.M. to between 8:00 and 10:00 A.M.

12.     Until 2011, Plaintiff worked seven days per week.

13.     From 2011 until September 2015, Plaintiff worked six days per week.

14.     Plaintiff always worked between 48 and 70 per week.

15.     From 2009 until September 2015, Plaintiff was compensated $10 per hour for all hours worked, including hours he worked in excess of 40 per week.

16.     Defendants did not pay Plaintiff the required overtime premium of one and a half times his regular rate for hours worked in excess of forty (40) per week.

17.     Defendants never provided Plaintiff with the notices required by New York Labor Law § 195.

18.     Specifically, Plaintiff did not receive a written notice and acknowledgement of his pay rate as required by New York Labor Law § 195(1).  Plaintiff also did not receive proper paystubs containing the information required by New York Labor Law § 195(3).  Specifically, Plaintiff was paid in cash and did not receive notice that included his hourly rate and his actual pay for the time periods.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

19.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

20.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

21.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times his regular hourly rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA and relevant regulations, even though Plaintiff had been entitled to overtime.

22.     Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3, 146-1.4)**

23.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

24.    It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

25.    Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

26.    As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

27.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

28.    Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

29.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
    March 17, 2016

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____

 D. Maimon Kirschenbaum
 32 Broadway, Suite 601
 New York, NY 10004
 Tel: (212) 688-5640
 Fax: (212) 688-2548

*Attorneys for Plaintiff*